**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MEDYEN OMAR HAZA ALARJANI,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,<br><br>Respondent. | ) | No. 2:26-cv-03163-SHL-tmp |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On September 9, 2026, Petitioner Medyen Omar Haza Alarjani filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges his detention as violative of his Fifth Amendment due process and Fourth Amendment rights. (Id. at PageID 2–3.) Petitioner's country of origin is unknown, but he entered the United States without inspection in 2023. (Id. at PageID 2.) He has a wife and three children present in the U.S. (Id.) One of his children is a U.S. citizen. (Id.)

Petitioner alleges that he was apprehended on June 2, 2026, but does not state the circumstances underlying his apprehension. (Id.) He is now in Immigration and Customs Enforcement ("ICE") custody at the West Tennessee Detention Facility. (Id. at PageID 6.) Petitioner's alleged facts do not demonstrate how his Fourth or Fifth Amendment rights were violated. At present, it remains unclear whether the Petition is actionable.[1]

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th

[1] The Petition also provides explanations of immigration detention-related principles and caselaw that the Court is familiar with. However, Petitioner does not tie these authorities directly to the facts of his case.

713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) Within **three business days** of the filing of this Order, Petitioner shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2) Within **three business days** after Petitioner complies with the above requirement, Respondent shall respond to the Petition. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner shall file a reply within **three business days** after Respondent's responsive filing.

(4) Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 10th day of September, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE