**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| MEDYEN OMAR HAZA ALARJANI,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03163-SHL-tmp |

**ORDER GRANTING PETITION**

On September 9, 2026, Petitioner Medyen Omar Haza Alarjani filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges his detention as violative of his Fifth Amendment due process and Fourth Amendment rights. (Id. at PageID 2–3.) Respondent responded on September 16, 2026, conceding that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), but urging the Court to require Petition to "exhaust his available administrative remedies in immigration court before" being granted habeas relief. (ECF No. 6 at PageID 14.) Alternatively, Respondent asserts that the Petition is due to be dismissed because this Court lacks jurisdiction under 8 U.S.C. § 1226(e).

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

## BACKGROUND

Petitioner is a citizen and national of Jordan. (ECF No. 8 at PageID 37.) He entered the United States without inspection in 2023. (ECF No. 1 at PageID 2.) He has a wife and three children present in the U.S. (Id.) One of his children is a U.S. citizen. (Id.) Petitioner alleges

that he was apprehended on June 2, 2026 and placed in Immigration and Customs Enforcement ("ICE") custody at the West Tennessee Detention Facility. (Id. at PageID 6.) Petitioner remains detained at the West Tennessee Detention Facility. (ECF No. 8 at PageID 38.) Petitioner requested that an Immigration Judge review DHS's determination that Petitioner be detained until a final administrative determination of his case. (Id. at PageID 39.) Petitioner was twice denied a change in custody status. (ECF No. 6-5 at PageID 31, 33.) In both denials, the Immigration Judge's reasoning provided nothing more than, that Petitioner "failed to meet burden as to danger" in one instance, and that he "failed to meet burden as to flight" in another. (ECF No. 6-5 at PageID 31, 33.)

## ANALYSIS

### A. Jurisdiction

Courts are authorized to issue writs of habeas corpus when an individual "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, Respondent challenges this Court's jurisdiction under 8 U.S.C. § 1226(e), which states that

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

According to Respondent, this provision strips this Court of jurisdiction "to relitigate, or otherwise interfere with, the immigration judge's decisions." (ECF No. 6 at PageID 18.) Petitioner counters that his petition is reviewable under well-settled case law interpreting 8 U.S.C. § 1226(e). According to Petitioner, this Court retains jurisdiction to determine "whether [his] continued detention following two unexplained, contradictory form orders satisfies § 1226(a), Lopez-Campos, . . . governing regulations, and the Due Process Clause." (Id. at PageID 40.)

To be sure, § 1226(e) "does not block lawsuits over 'the extent of the Government's detention authority under the "statutory framework" as a whole.'" Nielsen v. Preap, 586 U.S. 392, 401 (2019) (quoting Jennings v. Rodriguez, 583 U.S. 281, 295–96)). Nor does it strip away from "courts sitting in habeas . . . 'the power to review the legal standard underlying the immigration officials' actions and to evaluate legal and constitutional claims on that basis.'" España v. Nessinger, 873 F. Supp. 3d 334, 346 (D.R.I. 2026) (quoting Quinteros v. Warden Pike Cnty. Corr. Facility, 784 F. App'x 75, 77 (3d Cir. 2019)). Further, "where a 'bond denial is challenged as legally erroneous or unconstitutional,' a district court sitting in habeas retains jurisdiction over that challenge." Id. (quoting Mayancela v. FCI Berlin, Warden, No. 25-cv-348-LM-TSM, 2025 WL 3215638, at *6 (D.N.H. Nov. 18, 2025)). Thus, § 1226(e) is no bar to the resolution of Petitioner's habeas petition, as he challenges whether his bond denial comports with Lopez-Campos and the Due Process clause. (ECF No. 8 at PageID 40.)

**B. Exhaustion of Administrative Remedies**

As to Respondent's exhaustion argument, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion).

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. Although Respondent notes that Petitioner "has received two post-Lopez-Campos custody redetermination hearings," it does not appear that Petitioner

actually received a hearing. (ECF No. 6 at PageID 17.) Instead, an Immigration Judge twice denied reconsideration of his bond, and neither reconsideration decision appears to reflect an individualized determination, see Lopez-Campos, 175 F.4th at 734, or reflect the typical considerations made in pre-removal bond hearings to ensure due-process rights are protected. (See Ayala Tache v. Warden, No. 2:26-cv-02693 (W.D. Tenn. Aug. 13, 2026) at ECF No. 12, PageID 53–54 (collecting cases)).)

Petitioner is entitled to immediate release. See España, 873 F. Supp. 3d at 355 (granting petitioner's immediate release even after petitioner received a bond hearing, because bond hearing failed to comport with due process). Therefore, consistent with Lopez-Campos, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody. Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 13th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE